IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CAROL ADAMS, * | |
| * | |
| Plaintiff, * | |
| * | |
| v. * | CASE NO.: |
| * | 1:06-cv-00273-WKW-SRW |
| * | |
| WYETH PHARMACEUTICALS, INC., et al., * | |
| * | |
| Defendants, * | |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANTS WYETH, WYETH-AYERST INTERNATIONAL, INC.
AND WYETH PHARMACEUTICALS INC.**

Defendants Wyeth (registered to do business in Alabama as Wyeth, Inc.)[1], and Wyeth Pharmaceuticals Inc. (improperly named in the Complaint as Wyeth Pharmaceuticals, Inc.) (hereinafter collectively referred to as "Wyeth") answer the Complaint of Plaintiff Carol Adams as follows:

Wyeth denies each allegation in the Complaint ("Complaint") except those expressly admitted below. Plaintiff's Complaint does not comply with Rule 10, Federal Rules of Civil Procedure and Wyeth denies each and every paragraph of the Complaint on that ground.

### A.   JURISDICTION

Wyeth admits that plaintiff seeks in excess of Seventy-Five Thousand and 00/100's dollars. Wyeth lacks knowledge sufficient to form a belief as to the truth of the remaining allegations of the "Jurisdiction" paragraph. To the extent that the allegations of the "Jurisdiction" paragraph state legal conclusions, Wyeth states that they require no response.

---

1   When Wyeth refers to the individual entity "Wyeth" as opposed to the collective entity, it will place an asterisk behind Wyeth: Wyeth*.

Should a response be required, Wyeth admits that diversity appears to exist, and states that it is not contesting the subject matter jurisdiction of this Court at this time.

### B.  VENUE

Wyeth denies the allegations of the "Venue" paragraph, as the case is not filed in the "Northern District of Alabama."

### C.  JOINDER

The allegations of the "Joinder" paragraph state legal conclusions that require no response. Should a response be requested, Wyeth denies the allegations in the "Joinder" paragraph.

### D.  PARTIES

1.  Wyeth lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, and, therefore, denies the allegations.

2.  Wyeth admits that Wyeth Pharmaceuticals Inc. is an indirect subsidiary of Wyeth*, incorporated in Delaware, with its principal place of business in Pennsylvania. Wyeth further admits that Wyeth*, through divisions and subsidiaries, was engaged in the business of testing, developing, manufacturing, labeling, marketing, distributing, promoting and selling Prempro and Premarin. Wyeth denies the remaining allegations in paragraph 2 of the Complaint.

3.  Wyeth admits that Wyeth* is a Delaware corporation with its principal place of business in New Jersey. Wyeth further admits that Wyeth*, through divisions and subsidiaries, was engaged in the business of testing, developing, manufacturing, labeling, marketing, distributing, promoting and selling Prempro and Premarin. Wyeth denies the remaining allegations in paragraph 3 of the Complaint.

1.  *ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE (AEMLD)*[2]

    a.  Wyeth denies the allegations in paragraph "a" of Count 1 of the Complaint.

    b.  Wyeth denies the allegations in paragraph "b" of Count 1 of the Complaint.

2.  *NEGLIGENCE*

    Wyeth denies the unnumbered paragraph under the heading "NEGLIGENCE." Wyeth denies liability to Plaintiff on any stated ground and denies that Plaintiff is entitled to any relief whatsoever.

    a.  Wyeth denies the allegations in paragraph "a" of Count 2 of the Complaint.

    b.  Wyeth denies the allegations in paragraph "b" of Count 2 of the Complaint.

    c.  Wyeth denies the allegations in paragraph "c" of Count 2 of the Complaint.

    d.  Wyeth denies the allegations in paragraph "d" of Count 2 of the Complaint.

    e.  Wyeth denies the allegations in paragraph "e" of Count 2 of the Complaint.

3.  *BREACH OF WARRANTY (IMPLIED AND EXPRESS)*

    Wyeth denies the unnumbered paragraph under the heading "BREACH OF WARRANTY (IMPLIED AND EXPRESS)." Wyeth denies liability to Plaintiff on any stated ground and denies that Plaintiff is entitled to any relief whatsoever.

    a.  Wyeth denies the allegations in paragraph "a" of Count 3 of the Complaint.

    b.  Wyeth denies the allegations in paragraph "b" of Count 3 of the Complaint.

    c.  Wyeth denies the allegations in paragraph "c" of Count 3 of the Complaint.

    d.  Wyeth denies the allegations in paragraph "d" of Count 3 of the Complaint.

    e.  Wyeth denies the allegations in paragraph "e" of Count 3 of the Complaint.

    f.  Wyeth denies the allegations in paragraph "f" of Count 3 of the Complaint.

---

2   As stated, Plaintiff's Complaint does not comply with Rule 10, Federal Rules of Civil Procedure. Wyeth has made every effort to answer the paragraphs of the Complaint as they are designated.

      g.      Wyeth denies the allegations in paragraph "g" of Count 3 of the Complaint.

      h.      Wyeth denies the allegations in paragraph "h" of Count 3 of the Complaint.

4.    *SUPPRESSION AND MISREPRESENTATION*

Wyeth denies the unnumbered paragraph under the heading "SUPPRESSION AND MISREPRESENTATION." Wyeth denies liability to Plaintiff on any stated ground and denies that Plaintiff is entitled to any relief whatsoever.

      a.      Wyeth denies the allegations in paragraph "a" of Count 4 of the Complaint.

      b.      Wyeth denies the allegations in paragraph "b" of Count 4 of the Complaint.

      c.      Wyeth denies the allegations in paragraph "c" of Count 4 of the Complaint.

5.    *CAUSATION*

Wyeth denies the unnumbered paragraph under the heading "CAUSATION."

6.    *DAMAGES*

Wyeth denies the unnumbered paragraph under the heading "DAMAGES." Wyeth denies liability to Plaintiff on any stated ground and denies that Plaintiff is entitled to any relief whatsoever.

      A.      Wyeth lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph "A" of the heading "DAMAGES" of the Complaint, and, therefore, denies the allegations.

      B.      Wyeth states that the allegations in paragraph "B" of the heading "DAMAGES" state legal conclusions that require no response. To the extent any response is requires, Wyeth denies the allegations in paragraph "B" of the heading "DAMAGES" of the Complaint.

Wyeth denies the allegations of the "Wherefore" clause and denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

As for additional defenses to the Complaint, and without assuming any burden of pleading or proof that would otherwise rest on plaintiff, Wyeth alleges as follows:

### First Affirmative Defense

The Complaint fails to state, in whole or in part, a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or repose.

### Third Affirmative Defense

Plaintiff knowingly and voluntarily assumed any and all risks associated with the matters alleged in the Amended Complaint. Pursuant to the doctrines of assumption of the risk or informed consent, this conduct bars in whole or in part the damages that plaintiff seeks to recover herein.

### Fourth Affirmative Defense

Plaintiff's claims are barred because the injuries allegedly sustained by plaintiffs were not proximately caused by any act or omission of Wyeth.

### Fifth Affirmative Defense

Plaintiff's claims are barred due to her contributory negligence.

### Sixth Affirmative Defense

If plaintiff was injured by any product manufactured, sold, or distributed by Wyeth, those injuries occurred because the product was used for a purpose other than that for which it was intended, in a manner other than that in which it was intended to be used, and in disregard of

5

instructions and directions regarding its use. Such misuse was not reasonably foreseeable to Wyeth.

### Seventh Affirmative Defense

Plaintiff's alleged injuries and damages, if any, were caused in whole or in part by the acts and omissions of third parties over whom Wyeth had no authority or control, including without limitation, misuse of Premarin, Prempro, Premphase, Aygestin and Cycrin (the "subject products") by such third parties.

### Eighth Affirmative Defense

Plaintiff's claims are barred because any injuries and damages allegedly sustained by plaintiff was the result of pre-existing or subsequent conditions that are unrelated to use of the subject products.

### Ninth Affirmative Defense

Plaintiff's claims are barred because any injuries and damages allegedly sustained by plaintiff as a result of the subject products was caused by an idiosyncratic reaction to the drugs that was not reasonably foreseeable to Wyeth.

### Tenth Affirmative Defense

Plaintiff's claims are barred by reason of plaintiff's failure to mitigate the alleged damages or losses.

### Eleventh Affirmative Defense

Plaintiff's claims are barred by the equitable doctrines of laches, waiver, and estoppel.

### Twelfth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of merger, bar, collateral estoppel, res judicata, release, discharge, and accord and satisfaction.

### Thirteenth Affirmative Defense

Wyeth denies, to the extent the actions alleged may have occurred, that any entity engaging in the activities alleged was acting as the agent or servant of Wyeth, or at the instruction or subject to the control of Wyeth with regard to any of the actions described in the Complaint; thus, Wyeth is not liable for any acts or omissions of such third parties as a matter of law.

### Fourteenth Affirmative Defense

Wyeth avers that it did not participate in, authorize, ratify, or benefit from the alleged misrepresentations or wrongful acts that are asserted in the Amended Complaint.

### Fifteenth Affirmative Defense

Wyeth affirmatively pleads the application of comment k of section 402A of the Restatement (Second) of Torts and section 6(c) of the Restatement (Third) of Torts: Product Liability and its limitations upon the doctrine of strict product liability for purported design defect.

### Sixteenth Affirmative Defense

Wyeth provided adequate and complete warnings concerning the subject products to plaintiff's prescribing physicians. Therefore, any claims by plaintiff for inadequate warnings are controlled by, and barred under, the learned intermediary doctrine.

### Seventeenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the lack of a defect since the subject products were properly prepared in accordance with the applicable standard of care.

### Eighteenth Affirmative Defense

Plaintiff's claims are barred because, based on the state of scientific, medical and

technical knowledge at the time the subject products were marketed, the products were reasonably safe for their normal and foreseeable use at all times, they were not unreasonably dangerous or defective, and their benefits exceeded any associated risks.

**Nineteenth Affirmative Defense**

Plaintiff's claims are barred because the methods, standards, and techniques utilized by Wyeth in manufacturing, distributing, marketing, or labeling the subject products and in issuing warnings and instructions with respect to their use, conformed with the generally recognized, reasonably available, and reliable state of knowledge at the time the products was manufactured and distributed.

**Twentieth Affirmative Defense**

Plaintiff's claims predicated on state tort law and alleging that the subject products are unsafe are barred, in whole or in part, by the doctrine of federal preemption and the Supremacy Clause of the United States Constitution, Article IV, clause 2.

**Twenty-First Affirmative Defense**

The conduct of Wyeth, as well as the subject products, conformed with the Federal Food, Drug, and Cosmetic Act and the requirements of the Food and Drug Administration. Moreover, the activities of Wyeth alleged in the Complaint conformed with all state and federal statutes, regulations, and industry standards based upon the state of knowledge existing at the relevant time alleged in the Complaint.

**Twenty-Second Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because Wyeth's advertisements and labeling with respect to the subject products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States

Constitution.

## Twenty-Third Affirmative Defense

To the extent plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Wyeth's rights under the United States Constitution.

## Twenty-Fourth Affirmative Defense

Should Wyeth be held liable to plaintiff, which liability is specifically denied, Wyeth would be entitled to a set off for the total of all amounts paid to plaintiffs from all collateral sources.

## Twenty-Fifth Affirmative Defense

Notwithstanding the claims and contentions of plaintiff, plaintiff received all or substantially all of the benefit from the subject products that plaintiff hoped and intended to receive, and, to that extent, any damages and/or restitution that plaintiff might be entitled to recover from Wyeth must be correspondingly reduced.

## Twenty-Sixth Affirmative Defense

To the extent applicable, plaintiff's breach of warranty claims are barred by a lack of privity between plaintiff and Wyeth and because plaintiff failed to provide Wyeth with reasonable or adequate notice of the alleged breach of any such purported warranties.

## Twenty-Seventh Affirmative Defense

If the plaintiff sustained the injuries or incurred the expenses alleged, they may have been caused, in whole or in part, by operation of nature or by act of God.

## Twenty-Eighth Affirmative Defense

The manufacture, marketing, and labeling of the subject products was and is controlled by federal law, and Wyeth was at all times in compliance and obedience with applicable federal

law.

### Twenty-Ninth Affirmative Defense

An award of mental anguish or emotional distress damages in this case will violate Wyeth's Due Process and Equal Protection rights guaranteed by the Alabama Constitution and the United States Constitution because Alabama juries are not given any rules, standards, or guidelines upon which to rely in calculating mental anguish or emotional distress damage awards.

### Thirtieth Affirmative Defense

Because of the lack of clear standards, the imposition of punitive damages against Wyeth is unconstitutionally vague and/or overbroad.

### Thirty-First Affirmative Defense

No act or omission of Wyeth was malicious, willful, wanton, reckless, grossly negligent or intentional and, therefore, any award of punitive damages is barred.

### Thirty-Second Affirmative Defense

Plaintiff's claims for punitive damages are in contravention of Wyeth's rights under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution; the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; the Double Jeopardy Clause in the Fifth Amendment to the Constitution of the United States; similar provisions in the Constitution of Alabama and/or the common law and public policies of Alabama; and/or applicable statutes and court rules, in the circumstances of this litigation, including, but not limited to:

    (a)    imposition of punitive damages by a jury which

        (1) is not provided with standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award;

    (2) is not adequately and clearly instructed on the limits on punitive damages imposed by the principles of deterrence and punishment;

    (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award thereof, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status, wealth, or state of residence of Wyeth;

    (4) is permitted to award punitive damages under a standard for determining liability for such damages which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes punitive damages permissible; and

    (5) is not subject to trial court and appellate judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards;

(b) imposition of such punitive damages, and determination of the amount of an award thereof, where applicable state law is impermissibly vague, imprecise, or inconsistent;

(c) imposition of such punitive damages, and determination of the amount of an award thereof, without bifurcating the trial and trying all punitive damages issues only if and after the liability of defendants has been found on the merits;

(d) imposition of such punitive damages, and determination of the amount of an award thereof, based on anything other than Wyeth's conduct in connection with the sale of the product alleged in this litigation, or in any other way subjecting Wyeth to impermissible multiple punishment for the same alleged wrong.

## Thirty-Third Affirmative Defense

Plaintiff has failed to plead fraud with the requisite degree of specificity required by Rule 9(b) of the Federal Rules of Civil Procedure.

## Thirty-Fourth Affirmative Defense

To award plaintiff damages for alleged mental anguish or emotional distress in the absence of any standards for the determination of mental anguish or emotional distress and/or the absence of any requirement for corroborating or objective evidence of mental anguish or emotional distress makes such an award tantamount to punitive damages. As such, Wyeth avers

that such an award in this case would violate the safeguards provided to Wyeth under both the Alabama Constitution and the United States Constitution.

### Thirty-Fifth Affirmative Defense

Wyeth pleads the general issue.

### Thirty-Sixth Affirmative Defense

No punitive damages are warranted or allowable that would exceed comparable maximums established for criminal fines.

### Thirty-Seventh Affirmative Defense

Any award of punitive damages is barred by Ala. Code § 6-11-20 (1993) *et seq.,* and by Ala. Code § 6-11-27 (1993).

### Thirty-Eighth Affirmative Defense

Any claim for punitive damages, on its face and/or as applied in this case, is in violation of Article 1, Sections 1, 2, 6, 11, 13, 15, 27, and 35 of the Constitution of Alabama of 1901, and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

(a) There are no standards provided by Alabama law for the imposition of punitive damages, and therefore, Wyeth has not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of the award and to modify or conform its conduct accordingly;

(b) The procedures to be followed would permit an award of punitive damages against Wyeth upon the satisfaction of *a* burden of persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability;

(c) The procedures to be followed could permit the award of multiple punitive damages for the same act or omission;

 (d) There are no provisions or standards for clear and consistent appellate review of any award of punitive damages against Wyeth under present Alabama law;

 (e) The standards of conduct upon which punitive damages are sought against Wyeth are vague and ambiguous;

 (f) The procedures used by courts under Alabama law and the guidelines given by the jurors, jointly and severally, are vague and ambiguous;

 (g) The procedures used by courts under Alabama law and guidelines given to jurors, jointly and separately, are vague and ambiguous and, thus, impermissibly allow jurors broad, unlimited, and undefined power to make determinations on their notions of what the law should be instead of what it is;

 (h) The procedures under which punitive damages are awarded and the instructions used under Alabama law, jointly and separately, are vague and ambiguous and, thus, fail to eliminate the effects of, and to guard against, impermissible juror passion;

 (i) Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

 (j) Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages;

 (k) Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damage awarded by a jury;

 (l) Present Alabama procedures fail to provide a constitutionally reasonable limit on the amount of any punitive damage award against Wyeth;

 (m) Present Alabama procedures may permit the admission of evidence relative to punitive damages in the same proceeding during which liability is determined;

 (n) Present Alabama procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts of degrees of wrongdoing or culpability;

 (o) An award of punitive damages would compensate plaintiff for elements of damage not otherwise recognized by Alabama law.

Moreover, any award of punitive damages in the circumstances of this case would violate Wyeth's due process rights as embraced by the due process clause of Article 1, Section 6 and/or

13

13 and/or 22 of the Alabama Constitution, jointly and separately, as such award would constitute a deprivation of property without due process of law for the following reasons as separately stated herein:

(a) There is no rational relationship between the punitive damage awards in Alabama and the wrongfulness of a defendant's conduct and/or the compensatory damages awarded.

(b) No rational relationship exists between the extent of punitive damages and legitimate interests to be advanced by the State of Alabama.

(c) An award of punitive damages in this case would be penal in nature and thus, would be violative of Wyeth's constitutional rights under the United States Constitution and/or the Alabama Constitution unless Wyeth is granted the procedural safeguards afforded criminal defendants including but not limited to constitutional safeguards against self-incrimination and a heightened standard of proof beyond a reasonable doubt.

(d) The award of punitive damages on the basis of vicarious liability for the conduct of others violates Wyeth's constitutional rights.

In addition, any award of punitive damages in this case would violate Wyeth's rights under Article 1, Section 22 of the Alabama Constitution in that it would impair the contractual obligations of parties to this litigation.

**Thirty-Ninth Affirmative Defense**

With respect to any demand by plaintiffs for punitive damages, Wyeth specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards which arose in the decisions of *BMW of No. America v. Gore,* 517 U.S. 559 (1996), and *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001).

**Fortieth Affirmative Defense**

To the extent that any demand by plaintiffs for punitive damages may result in multiple punitive damage awards being assessed for the same act or omission against Wyeth, this award

contravenes Wyeth's right to due process under the Due Process Clause of Article 1, Section 13 of the Alabama Constitution. In addition, such awards would infringe upon Wyeth's rights against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article 1, Section 9 of the Alabama Constitution.

### Forty-First Affirmative Defense

The procedures pursuant to which punitive damages are awarded expose civil 77 defendants to the risk of indefinable, unlimited liability unrelated to actual loss, if any, caused by their conduct, creating a chilling effect on the defendants' exercise of the right to a judicial resolution of this dispute.

### Forty-Second Affirmative Defense

To the extent plaintiff has suffered no physical injury, § 6-11-21 of the Code of Alabama bars plaintiffs claim for punitive damages insofar as said claim exceeds the greater of three times plaintiffs compensatory damages or $500,000.00, which the Alabama Legislature has established as the outer limit of reasonableness for awards of punitive damages as a matter of public policy in this state. To the extent plaintiff does claim that plaintiff has suffered physical injury, § 6-11-21 of the Code of Alabama bars plaintiffs claim for punitive damages insofar as said claim exceeds the greater of three times plaintiffs' compensatory damages or $1,500,000.00, which the Alabama Legislature has established as the outer limit of reasonableness for awards of punitive damages as a matter of public policy in this state.

Wyeth requests that plaintiff be denied the relief sought in the Complaint and that Wyeth be dismissed from this action and awarded costs together with any additional relief that the Court deems just and proper. Wyeth reserves the right to supplement its answer and affirmative

defenses with additional defenses that become available or apparent during the course of investigation, preparation, or discovery and to amend its answer accordingly.

## DEMAND FOR JURY TRIAL

Wyeth demands a jury trial on all claims so triable in this action.

**WHEREFORE,** Wyeth prays for relief and judgment against plaintiff as follows:

- A. That plaintiff takes nothing by reason of the Complaint;
- B. That this action be dismissed with prejudice;
- C. That Wyeth recovers its fees, costs and attorneys' fees incurred herein; and
- D. Such further and other relief as the Court deems proper.

Submitted this the 1st day of May, 2006.

/s Lee H. Copeland
Lee H. Copeland (ASB-3461-O72L)
Mitchel H. Boles (ASB-0813-S69M)
C. Nelson Gill (ASB-2247-E62G)
COPELAND, FRANCO, SCREWS & GILL, P.A.
444 South Perry Street (36104)
Post Office Box 347
Montgomery, Alabama 36101-0347
Telephone: (334) 834-1180
Facsimile: (334) 834-3172
Email: copeland@copelandfranco.com
boles@copelandfranco.com

**Counsel for Defendants,
Wyeth, Inc. and Wyeth Pharmaceuticals Inc.**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 1st day of May, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Thomas Edward Dutton**
  phdkh-efiling@pittmanhooks.com; donnag@pittmanhooks.com
- **Elisabeth Ann French**
  phdkh-efiling@pittmanhooks.com; rebeccav@pittmanhooks.com


        /s  Lee H. Copeland
        Of Counsel